IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAYNE STALLINGS,

Plaintiff,

    v.

CITY OF JOHNSTON CITY,
municipal corporation, and JIM
MITCHELL, in his individual and
official capacity, and GREG
YELENCICH, in his individual and
official capacity,

Defendants.                                            Case No. 13-cv-422-DRH-SCW

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

    Pending before the Court is plaintiff Jayne Stallings' (Stallings) appeal of magistrate judge's order [Doc. 40] (Doc. 43). Stallings appeals Magistrate Judge Williams' findings and rulings made at a discovery dispute conference held on April 4, 2014, memorialized in the Order entered on April 7, 2014 at Doc. 40. Stallings filed her appeal on April 21, 2014. This Court granted Stallings' motion to stay Judge Williams' above-mentioned findings and rulings pending the outcome of this appeal. The discovery dispute conference was held in regard to financial records received for in camera review from MidCountry Bank. Judge

Williams also took up two other discovery disputes involving redacted Facebook pages and access to Stallings' medical records. Relevant to this appeal, Judge Williams' Order memorializing his findings and rulings states,

> The Court first took up the issue of the production of financial records from MidCountry Bank. The Court received these records for in-camera review from a previously issued subpoena. Plaintiff objects to the production of the documents as Johnston City has failed to identify the amount of funds missing from their accounts and believes that seeking the financial records is a fishing expedition on the city's part. The Court, however, ORDERS the production of the bank records. After reviewing the bank records, the Court noticed several cash deposits which the Court found to be potentially relevant. The Court DIRECTED Plaintiff to produce the records to Defendants by April 9, 2014. The Court directed that the production of the documents would be subject to a protective order and defense counsel was directed to use the documents only for purposes of this litigation and to share the documents with no one except her clients or experts for propose of this litigation. The Court also noted that the mayor of Johnston City is also subject to the same protective order and is not to disclose the information or share the information with anyone other than defense counsel.

(Doc. 40, p. 1). And further,

> The Court next took up a new discovery issue involving the production of pages from Plaintiff's Facebook account. Defense counsel noted that she received approximately 466 pages from Plaintiff's account but that the names in the documents were redacted. Plaintiff's counsel indicated that in order to produce the documents, they had to print the documents out, rearrange the pages, and then redact the material and that they did not have a hard copy of the pages in an unredacted format. The Court DIRECTED Plaintiff to provide defense counsel with either an electronic version or a hard copy of the unredacted pages. The Court noted that due to the technical difficulties, Plaintiff's counsel could produce the entire unredacted file containing documents from 2007 to the present. These documents are also subject to the protective order.

(*Id.* at p. 2).[1]

As to the bank records, Stallings argues defendants have presented no basis to override her right to privacy in her bank records afforded under the Illinois Constitution. As for the Facebook data, Stallings argues Judge Williams' Order violates her privacy, as well as the privacy of minors and other individuals not involved in this litigation.

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 72(a), this Court must consider Stallings' timely objections and either modify or set aside any part of Judge Williams findings and rulings of April 4, 2014, memorialized on April 7, 2014, if "clearly erroneous or contrary to law." See Fed. R. Civ. P. 72(a). The Court has reviewed Stallings' appeal (Doc. 43), defendants' response in opposition (Doc. 44), the relevant underlying requests, the summary order at Doc. 40, as well as an uncertified "rough" copy of the transcript of the discovery dispute conference. Upon consideration of all of the above, the Court finds as follows:

With the understanding that not all discoverable evidence will necessarily be deemed admissible, *see* Fed. R. Civ. P. 26(b)(1), the Court finds Judge Williams' findings and rulings of April 4, 2014, are essentially legal and just. However, the Court agrees with Stallings, to a certain extent, that Judge Williams' announcement of his rulings at the hearing was not abundantly clear. And further, the Court finds the memorialization of his findings and rulings entered on April 7,

---

[1] Stallings does not appeal Judge Williams' Order that Stallings produce medical records from the providers identified in Stallings' original answer to interrogatory 18 for the past five (5) years.

2014 (Doc. 40), is too broad. Thus, Judge Williams' findings and rulings are modified as follows:

### 1. MidCountry Financial Records

Stallings describes defendants' request concerning her bank records as an "unwarranted fishing expedition." As Judge Posner has noted, "of course pretrial discovery is a fishing expedition and one can't know what one has caught until one fishes. But Fed. R. Civ. P. 45(c) allows the fish to object." *Northwestern Memorial Hosp. v. Ashcroft, 362 F.3d 923, 931* (7th Cir. 2004). In this instance, the Court shares Stallings' concerns that defendants cast too wide a net as they do not sufficiently justify the breadth of their request.

Defendants state the subpoenas at issue request, "Any and all Bank Statements including not limited to copies of all deposit slips and cancelled checks from January 2011 to November 2011 for any and all checking and/or savings accounts held by Jayne A. Stallings, individually or jointly for Account Number xxxxx."

Article 1, Section 6 of the Illinois State Constitution "assures citizens a right of privacy in their bank records." *In re May 1991 Will County Grand Jury*, 604 N.E.2d 929, 937 (Ill. 1992). In this case, there is evidence that money was found missing from the water department by Johnston City. Stallings argues in part that because Johnston City has not identified any specific amount of alleged missing money, her bank records are not discoverable. Similarly to Judge Williams, this Court finds that evidence of cash deposits made by Stallings during the time

period at issue is relevant to defendants' defense to Stallings' complaint and to defendants' affirmative defenses. However, in light of Stallings' right to privacy in her bank records under the Illinois Constitution, defendants will only be allowed to discover evidence of deposits that were made in cash, demonstrating that they were made in cash and on what date. No other bank records of Stallings will be discovered. The Court again reiterates that it does not comment at this time as to whether any of Stallings' bank records will be admissible. It remains to be seen whether defendants can make a relevant connection between such deposits and the loss of cash from the water department account. Stallings is directed to produce these records to defendants by **May 23, 2014**.

2. **Facebook Pages**

Defendants also state they served Stallings with a request to produce:

Each and every social media posting by Stallings from 2011 to the present concerning her employment at Johnston City, allegations of wrongdoing against her, her suspension or termination, the investigation into missing money or wrongdoing in the Water Department, her lawsuit, her emotional or physical well-being, or any other matter identified in her Amended Complaint. This request includes all postings made by Stallings at any time on a Facebook account, Twitter, Instagram, or any other social media site.

Stallings notes that Facebook only allows the download of an individual's Facebook data in its entirety. Stallings states it took an attorney and a paralegal one week to print, redact, and compile the 500 pages of Stallings' Facebook activity. Judge Williams Ordered Stallings to provide defendants with either a hard copy or electronic version of the unredacted pages. Because of Stallings'

complaints of technical difficulties, Judge Williams noted that Stallings counsel "could provide defense counsel with the entire unredacted file containing documents from 2007 to the present."

From this Court's review of the rough transcript of the discovery dispute conference, it is clear that Judge Williams took issue with the fact that Stallings provided defendants with a redacted version of the Facebook pages from 2011 forward. The Court notes that Stallings has not demonstrated that the names of the individuals with whom she had the relevant Facebook conversations are subject to any privilege. And while Stallings makes much of the fact that the Facebook pages at issue demonstrate conversations involving minors, Stallings has not identified whether any *relevant* conversations took place between current minors, nor has she provided documentation *in camera* to support such a claim. It is clear that some of the Facebook pages contain conversations between Stallings and others concerning this litigation. These conversations are relevant, or could be deemed relevant at a later date. For example, they could contain admissions against interest. Moreover, should Stallings testify, certain Facebook conversations could be admitted for impeachment purposes in the event she testifies inconsistently. Defendants will be provided with the names and town of residence of the individuals with whom Stallings had relevant Facebook discussions.

In light of Stallings' claimed technical hardships, Judge Williams left her counsel with options as to how to do so, but ordered her to provide an

unredacted version of the Facebook pages from 2011 to the present. Stallings' counsel stated the easiest way to do this would be to send the entire "thing" from 2007 to the present to defendants. Stallings' counsel now states she should not be ordered to produce all of this data because it is unduly burdensome and the majority of it is irrelevant.

Stallings' counsel does not like the options provided to her by Judge Williams. Stallings' counsel states she cannot put the relevant information on a disk. Thus, Stallings' counsel is Ordered to provide defense counsel with a redacted hard copy of all relevant Facebook pages from 2011 to the present. Along with these pages, she will provide defendants with the names and towns of residence of the individuals with whom Stallings had relevant conversations. The relevant pages are only those which contain statements about this case or the litigation, including discussions of Stallings' physical or mental health.

If any of the relevant conversations are between individuals who are currently minors, Stallings is not to provide defendants with the minor's name or town of residence unless Ordered by the Court at a later date. Stallings is ordered to provide hard copies of the relevant redacted files, along with the names and towns of residence of the individuals with whom she relevantly conversed, on or before **May 30, 2014**. Upon reviewing these hard copies and names, should defense counsel feel that Stallings has not provided the entirety of the relevant redacted files, Stallings' counsel has offered to allow defense counsel to view the files in their entirety, from 2007 to the present, at Stallings' counsel's office.

On the basis of the above, Stallings' appeal is granted in part (Doc. 43) as Judge Williams' findings and rulings of April 4, 2014, memorialized on April 7, 2014, are modified in accordance with this decision. Except as modified and clarified herein, all remaining aspects of Judge Williams' findings and rulings of April 4, 2014, memorialized on April 7, 2014, are affirmed.

**IT IS SO ORDERED.**

Signed this 19th day of May, 2014.

Digitally signed by David R. Herndon
Date: 2014.05.19 16:40:29 -05'00'

**Chief Judge**
**U. S. District Court**