IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JANE STALLINGS,

Plaintiff,

v.

CITY OF JOHNSTON CITY et al.,

Defendants.                              No. 13-cv-422-DRH-SCW

## ORDER

**HERNDON, District Judge:**

Now before the Court is plaintiff's motion to strike reply to response to motion for summary judgment (Doc. 68). Defendant City of Johnson City responded by opposing the motion to strike (Doc. 69). On July 22, 2014, defendants filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56 (Doc. 58). Logically, plaintiff filed a response (Doc. 65). Defendant City of Johnson City then filed a reply to response in opposition to their motion for summary judgment (Doc. 67). Local Rule 7.1 (c) states in part:

> Reply briefs are not favored and should be filed only in exceptional circumstances. The party filing the reply brief shall state the exceptional circumstances.

Here, the reply failed to state exceptional circumstances as to why a reply brief is needed. Defendant contends the factual allegations and legal arguments in plaintiff's response require addressing in a reply brief because they were not adequately discussed in defendants' initial motion for summary judgment (Doc. 58).

The situation does not constitute exceptional circumstances warranting a reply, as the factual assertions that were allegedly "misrepresented" do not allow the Court to make a credibility determination. Assessing credibility and choosing between conflicting accounts of events are roles for the factfinder, not for the Court on summary judgment. *See Payne v. Pauley,* 337 F.3d 767, 770 (7th Cir.2003). The Court could not make a determination unless lines from depositions were simply misquoted. However, even if a simple misquotation were the case, the Court is able to make that determination without the aid of a reply.

When ruling on motions for summary judgment, the Court examines thoroughly the record to decide what facts are undisputed, what facts are disputed, and what disputed facts are material to the relevant issues. Part of this process includes weighing the information, as presented in depositions, admissions, answers to interrogatories, and affidavits, which is part of the record. Fed. R. Civ. P. 56. Therefore, the Court **STRIKES** the reply (Doc. 67).

**IT IS SO ORDERED.**

Signed this 5th day of November, 2014.

Digitally signed by
David R. Herndon
Date: 2014.11.05
14:43:11 -06'00'

**District Judge
United States District Court**