UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

JAYNE STALLINGS

 Plaintiff,

v.

CITY OF JOHNSTON CITY, a municipal corporation, and JIM MITCHELL, in his individual and official capacity,   Case No. 13-cv-422-DRH-SCW

Defendants.

### ORDER

**HERNDON, District Judge:**

Now before the Court are motions *in limine* filed by the plaintiff (Doc. 81 & 95) and defendants (Doc. 84). On August 12, 2015, the Court held a final pretrial conference for this matter, at which time oral arguments were heard on the motions. Following oral arguments, the Court announced its' ruling in open court as to plaintiff's motions *in limine* 5, 6, 7, 8, 9, 10, 12, and 13 as well as defendants' motions *in limine* 1, 2, 4, and 5. Plaintiff's motions *in limine* 3 and 11 were withdrawn at that time. As to the remaining motions, the Court took those under advisement.

This Order identifies and summarily describes the Court's resolution of the motions *in limine* that were taken under advisement, in addition to plaintiff's plaintiff's motion *in limine* filed at a later date (Doc. 95). The Court shall also address defendants' motion for reconsideration of the Court's ruling on plaintiff's motion *in limine* denying introduction of Steve Shafer's testimony concerning

metadata. Therefore, the Court renders its decision on each disputed motion accordingly.

## I. Defendants' Motions in Limine

### a. Defendants' third motion *in limine* to bar Plaintiff from offering testimony that the FBI did not charge or prosecute her.

Defendants' third motion *in limine* seeks to bar evidence that the FBI did not bring any charges against her because such evidence is irrelevant and prejudicial. (Doc. 84). Defendants argue that the standard of proof in criminal cases differs from that necessary for an employer to suspend an employee suspected of wrongful conduct, and the different standards of proof in criminal and civil cases might mislead the jury. The Court agrees. Criminal and civil trials require different burdens of proof for proving guilt and liability. While a conviction can be considered a judicial determination of guilt, failure to prosecute may simply reflect an inability to meet the necessary burden of proof. See, e.g., *Johnson v. Elk Lake Sch. Dist.*, 283 F.3d 138, 147 (3d Cir. 2002). Therefore, the Court **GRANTS** defendants' motion in limine seeking to bar the plaintiff from offering testimony that the FBI did not charge or prosecute her.

## II. Plaintiff's Motions in Limine

### a. Plaintiff's first and second motions *in limine* excluding any and all evidence, references to evidence, argument, comments, and/or testimony regarding the arbitration and arbitration decision related to Stallings' termination by Johnston City.

Plaintiff's first motion seeks exclusion of "any and all evidence, references to evidence, argument, comments, and/or testimony to or in the presence of the

jury, and directing the defendants to instruct its witnesses to do likewise, regarding the arbitration proceeding related to Stallings' termination by Defendant Johnston City" (Doc. 81). Plaintiff's second motion goes on to request the exclusion of "any and all evidence, references to evidence, argument, comments, and/or testimony to or in the presence of the jury, and directing the defendants to instruct its witnesses to do likewise, regarding the Arbitrator's decision to uphold Defendants' termination of Stallings"( *Id.*).

Specifically, the plaintiff argues that both the arbitration proceeding and decision are irrelevant and prejudicial to the pending causes of action. The defendants contend that the extent to which post-deprivation process was available is a key element for the jury to consider in relation to plaintiff's claims for deprivation of due process.

In order to respond to the plaintiff's cause of action for due process violations, defendants must be allowed to go into the facts surrounding the arbitration proceedings, its timing, and defendants' process for determining that the plaintiff was entitled to arbitration but did not request it. Therefore, the arbitration hearing and decision are relevant to plaintiff's cause of action, as both go right to the heart of plaintiff's due process claim. As a result, the Court **DENIES** the motions. However, this ruling is without prejudice to the plaintiff. The denial of a motion *in limine* does not preclude a party from objecting to any evidence at trial or from requesting that a limiting instruction be read to the jury directing them to

refrain from considering the result of the arbitration during their deliberation in this case.

### b. Plaintiff's fourth motion *in limine* excluding any and all evidence, references to evidence, argument, comments, and/or testimony regarding comments or statements allegedly made by the FBI to Defendants and/or any of their witnesses

Plaintiff's fourth motion seeks exclusion of "any and all evidence, references to evidence, argument, comments, and/or testimony to or in the presence of the jury, and directing the defendants to instruct its witnesses to do likewise, regarding comments or statements allegedly made by the Federal Bureau of Investigation (FBI) to Defendants and/or any of their witnesses" (Doc.81). Plaintiff argues that the defendants may attempt to offer statements made by FBI agents, for the truth of the matter asserted that address the investigation of the missing money, which plaintiff emphasizes would be highly prejudicial.

As defendants point out, the statements are being offered for reasons other than the truth of the matter asserted. Specifically, the statements will be offered as to Mitchell and Richey's state of mind and therefore are not hearsay. Accordingly, the Court finds that the statements are relevant and their probative value is not outweighed by the danger of unfair prejudice. Therefore, the Court **DENIES** the motion.

### c. Plaintiff's motion to bar John Richey's testimony regarding metadata and metadata spreadsheets and reports created by Steve Shafer (Doc. 95)

Plaintiff's final motion seeks to bar John Richey's testimony regarding metadata and metadata spreadsheets (Doc.95). Plaintiff argues that Richey has no

personal knowledge of the alleged missing money and he did not investigate as to whether there was actually missing money. Defendant argues that "nothing about the concept of metadata in this case requires expert testimony" (Doc. 96). Specifically, the printouts with metadata are being offered for reasons other than the truth of the matter asserted, thus are not hearsay. Also, under Fed.R.Evid. 401, the documents that Richey showed and explained to Riva included a printout with the metadata. Defendants argue that this information is relevant to the jury's determination of Stallings' due process claim. The Court agrees.

Accordingly, the Court finds that the statements are relevant and their probative value is not outweighed by the danger of unfair prejudice. Therefore, the Court **DENIES** the motion.

### III. Reconsideration of Granting Motion *in Limine*

Defendant moves for reconsideration of the Court's ruling granting plaintiff's seventh motion *in limine* denying introduction of Steve Shafer's testimony in the expert witness capacity (Doc. 98). Specifically, the Court ruled that Shafer may not testify regarding metadata, metadata spreadsheets and the reports he created relating to the missing money in the Johnston City's Water Department (Doc. 90). For the reasons that follow, the motion to reconsider is granted, and the Court modifies its previous ruling in the respect detailed below.

Defendants move for the Court to reconsider the limit placed on Steve Shafer's testimony. Plaintiff argues that defendants' motion for reconsideration "provides no basis for this Court to revise its prior, reasoned ruling made after oral

argument" (Doc. 98). However, in support of their argument, defendants contend that "[t]he actual mechanics of how the computer records metadata and how the software program was developed to include this information is irrelevant and unnecessary to the jurors' understanding of the issues in this case. All that is relevant is that the report shows metadata, and based on the metadata, defendants formed the belief that Stallings was responsible for the suspicious adjustments…" (Doc. 96). Defendants further argue that "nothing about the concept of metadata in this case requires expert testimony" (Doc. 96). The Court agrees.

An order granting a motion *in limine* is not a final order; the trial court may reconsider the issue at any time leading up to and during trial. The Court sees no error in fact or law with respect to allowing Steve Shafer to testify regarding the metadata under Fed.R.Evid. 901's threshold requirement. Rule 901 "requires only a prima facie showing of genuineness and leaves it to the jury to decide the true authenticity and probative value of the evidence." *U.S. v. Harvey*, 117 F.3d 1044, 1049 (7th Cir.1997). Defendants contend that Rule 902(11) and Rule 803(6) would allow Steve Shafer to testify to the authentication of the metadata based on his personal knowledge of the program as its creator and the fact that the data was kept in the course of regularly conducted activity. Also, defendants argue that metadata printouts showing the actual time in which adjustments were made are not being offered for their truth, thus are not hearsay. Instead defendants argue that the information is relevant to the jury's determination of

Stallings' due process claim. Ultimately, the Court agrees that defendants satisfy Fed.R.Evid. 901's threshold requirement.

In light of defendant's motion to reconsider, the Court revises its ruling as to the admissibility of John Richey's testimony regarding metadata and the metadata spreadsheets. Defendants' motion to reconsider is **GRANTED.** Plaintiff is free to raise its concerns regarding reliability of the metadata with the jury.

### IV. Conclusion

Accordingly, the Court hereby **GRANTS** defendants' third motion *in limine* to bar Plaintiff from offering testimony that the FBI did not charge or prosecute her (Doc.84). The Court **DENIES** plaintiff's first and second motions *in limine* excluding any and all evidence and regarding the arbitration and arbitration decision (Doc. 81) and **DENIES** plaintiff's motion to bar John Richey's testimony (Doc. 95). Finally, the Court **GRANTS** defendants' motion for reconsideration of the Court's ruling on plaintiff's seventh motion *in limine*, and Shafer's testimony regarding metadata and the metadata printouts will be permitted (Doc. 98).

**IT IS SO ORDERED.**

Signed this 3rd day of February, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.02.03 16:30:36 -06'00'

**United States District Judge**