## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAYNE STALLINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No:  3:13-cv-00422-DRH-SCW |
| | ) | |
| CITY OF JOHNSTON CITY, municipal | ) | |
| corporation, and JIM MITCHELL, in his | ) | |
| individual and official capacity, and | ) | |
| GREG YELENCICH, in his individual and | ) | |
| official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S TRIAL BRIEF

NOW COMES Plaintiff Jayne Stallings ("Stallings") by and through her attorneys, Rhode & Jackson, P.C., and for her Trial Brief states as follows:

### Introduction

Stallings was a long-term employee of the City of Johnston City.  In 2011, Stallings was the Water Department Supervisor for the City of Johnston City; a position which was governed by a Collective Bargaining Agreement ("CBA") at the time of her suspension.  (Doc. 23 ¶ 13). (Def. Trial Ex. 1).

Article 12 of the CBA governing discharge and suspension provided that "[a]n employee may be suspended for up to five working days."  Article 12 contains no other provision for suspension without pay.  Article 12 further provides that "[n]o employee covered by the terms of this Agreement shall be discharged without just cause . . .."

On October 27, 2011, Stallings was suspended for five (5) days without pay.  On November 2, 2011, Stallings was again suspended without pay.  Stallings was not given the reason for her suspension either time.  Over thirteen (13) months later, on December 18, 2012,

Stallings was terminated, again without being told the reason(s) or having a chance to challenge the decision before being permanently deprived of her employment. On October 15, 2013, an arbitration hearing was conducted regarding Stallings' suspension and subsequent termination. Stallings claims she was denied due process for the time period prior to her arbitration. At no point in the over twenty-three (23) months prior to the arbitration hearing was Stallings given evidence of her alleged misconduct, a meaningful opportunity to be heard, or compensation.

## Due Process

The Due Process Clause of the Fourteenth Amendment "afford[s] protection to employees who serve the government as well as to those who are served by them, and § 1983 provides a cause of action for all citizens injured by an abridgment of those protections." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Article 12 of Stallings' CBA gave her a constitutionally protected property interest by stating that she could only be suspended without pay for up to five (5) working days and further that she could only be terminated for cause.

A public employee under a CBA has a "constitutional right to a hearing to provide an opportunity for a person to vindicate (sic) [her] claims." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Yahnke v. Kane County, Ill.*, 2016 WL 3003742 * 5 (7th Cir. 2016) *citing Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

"The opportunity to present reasons . . . why proposed action should not be taken is a fundamental due process requirement." *Cleveland Bd. of Ed. v. Loudermill*, 470 U.S. 532, 546 (1985). Before an employee can present reasons, however, she has to have notice of the alleged facts or evidence on which the employer relies in order to make a meaningful response. *Carmody v. Bd. of Trustees of Univ. of Illinois*, 747 F.3d 470 (7th Cir. 2014).

The three (3) requirements for pre-deprivation due process are (1) oral or written notice of the charges against the employee facing deprivation; (2) an explanation of the employer's evidence supporting the charges against said employee; and (3) an opportunity for the employee to present her side of the story. *Loudermill*, 470 U.S. at 546; *Staples v. City of Milwaukee*, 142 F.3d 383, 385 (7th Cir. 1998).

Stallings was suspended for over thirteen (13) months without pay and then terminated on December 18, 2012, without being given facts or evidence of just cause to deprive her of her protected property interest. Stallings was also denied any post-termination due process, in this case an arbitration proceeding, until October 15, 2013, nearly another ten (10) months after her termination. Since Stallings was suspended without pay and facing deprivation of her constitutionally protected property interest in her employment, she was entitled to a pre-deprivation hearing. *Loudermill*, 470 U.S. at 542.

In *Gilbert v. Homar*, the Supreme Court said that "the purpose of any pre-suspension hearing would be to assure that there are reasonable grounds to support suspension without pay." 520 U.S. 924, 933 (1997). "[A] governmental employer may not suspend an employee without pay unless that suspension is preceded by some kind of pre-suspension hearing providing the employee with notice and an opportunity to be heard" in meaningful way. *Id*. at 930. The Supreme Court also stated that "the length" of the suspension must be taken into account when determining what process is due. *Id.* at 932 (quotation in original). If an employee is given a prompt post-suspension opportunity to be heard, "the period of suspension should be short and the amount of pay during the suspension [will then be] minimal." *Id*. at 935. Where "the employer perceives a significant hazard in keeping the employee on the job, it can avoid the problem by suspending *with pay*." *Id.* at 929 (emphasis in original).

3

The CBA gave Defendants the authority to suspend Stallings without pay for up to five (5) working days only.  Stallings was suspended without pay and without an opportunity to be heard for over thirteen (13) months.  Stallings was then terminated under the same conditions, without pay, without reason(s) and without due process, until almost ten (10) months later until she had an arbitration hearing on October 15, 2013.

### Defendant Mitchell is not Entitled to Qualified Immunity

"Qualified or 'good faith' immunity is an affirmative defense that must be pleaded by a defendant official."  *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982).  Defendant Mitchell pled qualified immunity and the burden is therefore on him to prove his entitlement to this defense.  *EEOC v. AutoZone, Inc.*, 707 F.3d 824, 831-32 (7th Cir. 2013).

An attempt to claim "qualified immunity [will] be defeated if an official *knew or reasonably should have known* that the action he took within his sphere of official responsibility would violate the constitutional rights of the [plaintiff], *or* if he took the action *with malicious intention* to cause a deprivation of constitutional rights of other injury."  *Id*. (emphasis and second brackets in original).  While the previous Mayor signed the CBA governing Stallings' employment, each subsequent mayor has an obligation to know and comply with the terms of the CBA in effect.  Defendant Mitchell's suspension of Stallings without pay for more than five (5) working days clearly violated Article 12 of the CBA.

A government official can be held personally liable for his own misconduct in a § 1983 action.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  Defendant Mitchell admitted that it was his decision to suspend Stallings on October 27, 2011.  (Doc. 61-5 at 20-21, 35, 58-59).  Defendant Mitchell admitted that he suspended Stallings without pay a second time at a meeting on November 2, 2011, without notice of any alleged charges or details of the basis for her

4

suspension.  (Doc. 61-5 at 34-35).  Even if Defendant Mitchell did not know this was a violation,

he *should have known* the requirements under the CBA due to his official responsibilities within

Johnston City.  Defendant Mitchell's conduct therefore deprived him of any ability to claim

qualified immunity as a shield from liability.

<div style="margin-left:40%">

Respectfully submitted,
Jayne Stallings, Plaintiff


By: s/Shari R. Rhode
    Shari R. Rhode, Attorney for Plaintiff
    Attorneys for Plaintiff
    Shari R. Rhode #2324598
    Rhode & Jackson, PC
    1405 West Main Street
    Carbondale, IL 62901
    Telephone: 618.529.8092
    Facsimile:  618.529.8582
    Email:  srhode@rhodeandjackson.com

</div>