IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAYNE STALLINGS,

        Plaintiff(s),

vs.

CITY OF JOHNSTON CITY, municipal corporation, and JIM MITCHELL, in his individual and official capacity,

        Defendants.

Case No. 13-cv-422-DRH-SCW

## MEMORANDUM AND ORDER

**HERNDON, District Judge**:

### I. Introduction and Background

Following entry of judgment for Defendants City of Johnston City and Jim Mitchell, they filed their Bill of Costs (Doc. 130). Specifically, defendants ask for $16,189.02 in costs which include: (1) $482.60 for service of summons and subpoena; (2) $13,359.30 for transcripts; (3) $1505.52 for witness fees; and (4) $841.60 for exemplification and copies of materials necessarily obtained for use in the case. Plaintiff filed timely objections to the bill of costs (Doc. 133).

In her objection (Doc. 133), plaintiff first asserts that she should be excused from paying certain costs because they were unnecessary and excessive, including daily transcript fees and the video clips used at trial. Plaintiff also argues that costs sought for copies are not properly documented and should be denied. Finally, plaintiff argues certain witness fees, service costs and travel

expenses were unnecessary and should be denied[1]. The plaintiff's specific objections shall be addressed below. For the following reasons, the Court **GRANTS in part** and **DENIES in part** defendants' Bill of Costs (Doc. 130). Plaintiff Jayne Stallings is **ORDERED** to pay defendants' costs in the amount of **$8,888.84.**

## II. Law

Federal Rule of Civil Procedure 54(d)(1) entitles prevailing parties to recover their costs, other than attorneys' fees. *Richardson v. City of Chicago*, 740 F.3d 1099, 1102 (7th Cir. 2014). Rule 54(d) provides that unless a federal statute, rule, or court order says otherwise, costs "should be allowed" to the prevailing party. In other words, Rule 54(d)(1) "codifies a venerable presumption that prevailing parties are entitled to costs." *Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1172, 185 L. Ed. 2d 242 (2013); See also *Loomis v. Exelon*, 658 F.3d 667, 674 (7th Cir. 2011).

Notwithstanding the presumption for a cost award, "the word "should" [in 28 U.S.C. § 1920] makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1172, 185 L. Ed. 2d 242 (2013). In order to overcome the presumption in favor of the award of costs, "the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall*

---

[1] Plaintiff previously filed a motion to withdraw her objection to the costs for Jeannie Viecely because Viecely did testify at trial (Doc. 134). The Court granted plaintiff's motion to withdraw her objection on July 20, 2016 (Doc. 135).

*& Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005) (citing *M.T. Bonk Co. v. Milton Bradley Co.,* 945 F.2d 1404, 1409 (7th Cir. 1991)).

The Seventh Circuit Court of Appeals has stated that the Rule 54(d) presumption applies to those costs of litigation identified in 28 U.S.C. § 1920. See *Montanez v. Simon*, 755 F.3d 547, 557 (7th Cir.), cert. denied sub nom. *Montanez v. Chicago Police Officers FICO*, 135 S. Ct. 459, 190 L. Ed. 2d 332 (2014); *U.S. Neurosurgical, Inc. v. City of Chicago*, 572 F.3d 325, 333 (7th Cir.2009). The following costs are allowed pursuant to 28 U.S.C. § 1920: (1) fees of the clerk and marshal; (2) fees for transcripts, (3) witness and printing fees and expenses, (4) fees for copies or papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters. 28 U.S.C. § 1920.

Taxing costs against the non-prevailing party requires two inquiries: (1) whether the cost is recoverable, and (2) whether the amount assessed is reasonable. *See Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000); *Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008) (the process for awarding costs is intended to be summary, not an inquest on the winning party's litigation strategy). With these principles in mind, the Court shall discuss each of the challenged costs in turn.

### III. <u>Analysis</u>

As mentioned above, defendants filed a Bill of Costs after judgment was granted in their favor on June 30, 2016 (Doc. 130). Plaintiff filed a response

contesting the Bill of Costs on July 14, 2016 (Doc. 130). In her response, plaintiff argues that defendants should not be awarded certain costs in this case because the defendants have not shown that certain costs were actually and necessarily incurred during this litigation. The Court has thoroughly reviewed defendants' Bill of Costs (Doc. 130) and plaintiff's objections thereto (Doc. 132), along with defendants' reply (Doc. 133) and, pursuant to the foregoing principles, rules as follows:

### 1. $482.60 for Service of Subpoenas

Defendants request $482.60 in costs incurred in the service of seven subpoenas upon trial witnesses (James Pulliam, Jeannie Viecely, Mike Stallings, Steven C. Shafer, Michael Riva, Austin Stallings, and Dr. Jeffrey Parks) at either $45.00 or $55.00 per subpoena ($364.00) plus a mileage charge associated with the service of the subpoenas.

Fees for service of process are recoverable under 28 U.S.C. § 1920(1), but may not exceed the U.S. Marshals rate at the time process was served. *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir.1996). As of 2016, the U.S. Marshals Service charge is $65.00 per hour, plus 0.54 per mile. 28 C.F.R. § 0.114. To award costs for the service of subpoenas, the court need only determine that the subpoenas were necessary, sufficiently detailed and reasonable. *Collins,* 96 F.3d at 1058.

Plaintiff has not established that it was unreasonable for the defendants to serve any of the subpoenas listed in its bill of costs, given that Michael and Austin

Stallings were not parties to the case. These service fees are less than the going rate for one hour of marshal service time. Thus, the Court finds these costs reasonable and necessary and plaintiff's objection is **OVERRULED**.

### 2. $841.60 for Copies

Defendants request $841.60 for printing and copy fees. Courts interpret 28 U.S.C. § 1920(4) to mean that photocopying charges for discovery and court copies are recoverable, given that the number of copies made and amount billed is reasonable, but charges for copies made solely for the convenience of counsel are not. See *Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000); *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). To justify copying costs, a party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991); see also *Nat'l Org. for Women, Inc. v. Scheidler*, 750 F.3d 696, 698 (7th Cir. 2014). However, a party must provide at least enough information about the copies to allow the Court to conclude that they are recoverable under the statute.

Here, the defendants argue that "the photocopies were necessary for the three binders per person- 5 sets total of defendants' trial exhibits that were used during trial, as well as other copies of documents needed for trial" (Doc. 133). Plaintiff argues that defendants' copies were not necessary for use in this case and should be reduced. However, defendants adequately described the use of the

8,416 copies (copied at ten cents per page), indicating that the copies were reasonable and necessary to the litigation. Specifically, given the large number of exhibits, the copies weren't simply a matter of convenience. The photocopies and binders were utilized by counsel, the Court, and witnesses. Accordingly, the Court finds these costs reasonable and necessary, and plaintiff's objection regarding the cost of copies is **OVERRULED**.

### 3. $1,505.52 for Witness Fees

A witness shall be paid an attendance fee of $40.00 per day for each day's attendance at court or a deposition, plus a mileage allowance or other costs of transit to and from the location where the testimony is given. See Section 28 U.S.C. §§ 1821(b), (c)(1)-(4). With to witness fees, actual testimony at trial is not necessary for fees to be recovered. Witness fees compensate witnesses for their availability to testify, not their physical presence or actual testimony at trial. See *Spanish Action Comm. of Chicago v. City of Chicago*, 811 F.2d 1129, 1138 (7th Cir.1987) (finding that trial court erred in concluding that physical presence in the courtroom was needed to award witness fees as costs). See also *Hurtado v. United States*, 410 U.S. 578, 584–85 (1973) (28 U.S .C. § 1821 allows recovery of fees for witnesses who were summoned and ready to testify, but whose physical presence was not needed); *Haroco, Inc. v. American Nat'l Bank and Trust Co. of Chicago*, 38 F.3d 1429, 1442 (7th Cir.1994) (costs may be awarded for fees paid to witnesses who were subpoenaed for deposition but not actually deposed).

### a. Mike and Austin Stallings

Plaintiff objects to defendants' costs regarding the trial witness fees and service of a trial subpoena on both Mike and Austin Stallings. Plaintiff argues that both were available for trial without those costs. However, as defendant points out in their reply, neither Michael Stallings nor Austin Stallings were parties to the case (Doc. 133). Therefore, in order to compel their attendance at a deposition or trial, defendants were required to serve them with subpoenas and offer a witness fee. Further, both men cashed the witness fee checks, indicating that the money was actually spent (Doc. 133-2). Accordingly, the Court finds these costs reasonable and necessary, and plaintiff's objections to the witness fees for Michael and Austin Stallings are **OVERRULED**.

### b. Jason Ishmael

The plaintiff also objects to the costs for Jason Ishmael because no deposition was held. Witness fees are allowed for nontestifying trial witnesses who were expected to be necessary at trial and who were ready to testify at trial. *Spanish Action Committee of Chicago*, 811 F.2d at 1138. However, the same considerations do not hold for deposition witnesses. Given that Jason Ishmael was never deposed, a witness fee is inappropriate. Accordingly, plaintiff's objection to the deposition witness fee and mileage fee for Jason Ishmael is **SUSTAINED**, and the amount of recoverable costs is reduced by $43.70.

### c. Dr. Jeffrey Parks and James Pulliam

Plaintiff also objects to the travel costs awarded to Dr. Jeffrey Parks and James Pulliam because both men testified remotely from the United States

District Court in Benton, Illinois. However, both were paid travel expenses as though they testified before this Court in East St. Louis, Illinois.

Computation of mileage under 28 U.S.C. § 1821(c) "shall be made on the basis of a uniformed table of distances adopted by the Administrator of General Services." 28 U.S.C. § 1821(c)(2). Under 28 U.S.C. § 1821(c)(1),

> "A witness who travels by common carrier shall be paid for the *actual* expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished." (emphasis added).

The mileage allowance rate effective from January 1, 2016, through December 31, 2016, which encompasses the relevant time period here, is $0.54 per mile. United States General Services Administration, Privately Owned Vehicle (POV) Mileage Reimbursement Rates, http://www.gsa.gov/Portal/content/100715 (last reviewed 08/24/16).

Here, plaintiff objects to the amount of travel expenses paid to Dr. Jeffrey Parks and James Pulliam; $147.44 to Parks and $124.20 to Pulliam. Given that each testified from Benton's Federal Courthouse via webcam, the amount of travel expenses shall be reduced to reflect that distance. Dr. Parks' practice is located at 405 Rushing Drive, Herrin, Illinois. Mr. Pulliam's residence is located at 808 W 5th St, Johnston City, IL (Docs.130-3 & 132-2). Therefore, Plaintiff's objection is **SUSTAINED** and the amount of recoverable travel costs for Dr. Parks and Mr. Pulliam's are reduced. Using the federal government's privately owned vehicle

mileage reimbursement rate for 2016 and the mileage contained in the plaintiff's objection, the Court finds that the recoverable travel costs for Dr. Parks and Mr. Pulliam's shall be reduced by $123.03 and $109.40 respectively.

### 4. $13,359.30 for Transcripts

#### a. Video Depositions and Video Clips

Defendant seeks costs for the video depositions of Plaintiff Jayne Stallings, in addition to the video clips used to impeach her. Plaintiff objects by arguing that both video and stenographic depositions are not necessary in this case.

"Costs" include, among other things, fees for "printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). A district court may award costs of both video recording and stenographically transcribing the same deposition. *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 701 (7th Cir. 2008). In addition to being authorized by statute, a cost must be both reasonable and necessary to the litigation for a prevailing party to recover it. *Id.* at 702.

While plaintiff concedes that the stenographic transcripts were necessarily obtained for use in the case under § 1920(2), she contends that the video-recorded depositions were not. In *Little,* the Seventh Circuit reviewed the 1993 amendments to FED.R.CIV.P 30, and found that "because the 1993 amendments removed the "operative language," we must conclude that the rule-makers intended to allow the costs of both video-recording and stenographic transcription to be taxed to the losing party. *Cf. Nalley v. Nalley*, 53 F.3d 649, 652 (4th

Cir.1995) ("When the wording of an amended statute differs in substance from the wording of the statute prior to amendment, we can only conclude that Congress intended the amended statute to have a different meaning.")" *Little*, 514 F.3d at 702. Hence, under the *Little* interpretation of FED.R.CIV.P 30, a district court is permitted to award a prevailing party costs for both video-recording and stenographically transcribing the same deposition.

Here, the Court finds that the video recording was necessarily obtained for use in this case. Video that is used for impeachment purposes can be a very effective tool, and in this case, the tactic was utilized by the defendant through the use of the video clips of the plaintiff from her lengthy depositions. Accordingly, the Court finds the cost of the video deposition and video clips were reasonable and necessary to the litigation, and plaintiff's objection is **OVERRULED**.

### b. Daily Transcripts

Finally, Stallings objects to defendants' request for reimbursement of costs for obtaining a "daily" copy of the trial transcript, arguing that the daily transcripts "were not necessary". Defendants argue the transcripts were necessary during the trial to aid with questioning witnesses and quoting testimony during closing arguments. However, with two defense attorneys present, it is clear that daily copy was merely a convenience to avoid having to take notes. Although this is perfectly acceptable, it is not something the opposing party should be required to fund, as the purpose is exclusively for counsel's convenience. Accordingly,

plaintiff's objection to the daily trial transcript fee is **SUSTAINED**, and the amount of recoverable costs is reduced by $7,024.05.

### 5. Uncontested Costs

As mentioned above, Rule 54(d) creates a strong presumption favoring the award of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945. However, "a district court may not tax costs under Rule 54(d) unless a federal statue authorizes an award of those costs." *Republic Tobacco Co. v. Natl. Trading Co.*, 481 F.3d 442, 447 (7th Cir. 2007).

Here, there is no reason not to award defendants their remaining costs, as the costs are permitted under 28 U.S.C. § 1920. Furthermore, the defendants did not engage in misconduct, and there is no evidence that the items in their Bill of Costs were submitted in bad faith. Thus, the remainder of defendants' Bill of Costs shall be awarded.

## IV. Conclusion

Accordingly, the Court **GRANTS in part** and **DENIES in part** defendants' Bill of Costs (Doc. 130). Plaintiff Jayne Stallings is **ORDERED** to pay Defendant City of Johnston City's and Jim Mitchell's costs in the amount of **$8,888.84.**

**IT IS SO ORDERED.**

Signed this 24th day of August, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.08.24 16:43:54 -05'00'

United States District Judge